# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

(1) PREMIER COMMUNITY ）
SERVICES, INC., ）
）
      **Plaintiff,** ）
）
vs. ）      **Case No. 17-CV-70-TCK-FHM**
）
(1) STEPHANIE GOLDESBERRY- ）
VANMETER, ）
(2) BONNIE WHITE, ）
(3) SHERRI BRUNER, ）
(4) SARA PUTMAN, ）
(5) DONNA LOWE, ）
(6) LAURA VANDENBORN, ）
(7) PHILADELPHIA INDEMNITY ）
INSURANCE COMPANY, and ）
(8) MURRAY WAMBLE & ）
ASSOCIATES, INC., ）
）
      **Defendants.** ）

## OPINION AND ORDER

Before the Court is Plaintiff Premier Community Service, Inc.'s ("Premier") Motion to Remand (Doc. 21). For the reasons explained below, Plaintiff's motion is granted and the case is remanded to District Court for Tulsa County, Oklahoma.[1]

---

[1] The Court takes judicial notice that a separate declaratory judgment action filed by Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") in the Northern District of Oklahoma has been dismissed. *See Philadelphia Indemnity Company v. Premier Community Services, Inc.*, No. 17-CV-32-GKF-tlw (N.D. Okla. Apr. 14, 2017). *See United States v. Estep*, 760 F.2d 1060, 1063 (10th Cir. 1985) (the court may notice "matters that are verifiable with certainty," including "the court's own records of prior litigation closely related to the case before it"). Accordingly, Philadelphia Indemnity's motion to consolidate this proceeding with the declaratory judgment action (Doc. 19) is moot. Defendant Murray Wamble & Associates, Inc.'s Motion to Dismiss (Docs. 7,12) and Defendant Philadelphia Indemnity's Motion to Dismiss (Doc. 17) remain pending in the state court upon remand.

## I.    Background

Premier is an Oklahoma corporation providing assisted living residential programs and care services.  In March 2016, Premier became aware of reports of fraud and embezzlement by certain employees.  On April 27, 2016, Premier filed a petition in Tulsa County District Court against four employees it had identified through its initial investigation into the allegations of fraud and embezzlement (the "State Court Action") and Diamond Quality Care, Inc., an Oklahoma entity allegedly created to further the embezzlement scheme.  On May 6, 2016, Premier amended its petition to add an additional employee defendant, Stephanie Goldesberry-VanMeter ("Goldesberry-VanMeter").  In August 2016, Premier reached settlements with all of the defendants except Goldesberry-VanMeter.

Premier maintained an insurance policy ("the Policy") with Philadelphia Indemnity that included coverage for employee theft for the period from April 6, 2015 to April 6, 2016, with a coverage limit of $25,000 per occurrence, less a $500 deductible.  On October 20, 2016, Premier filed a claim listing losses the amount of $470,020.59 based on what it contends are 31 separate occurrences of employee theft.  On December 2, 2016, Philadelphia Indemnity advised Premier that it considered the loss to constitute a single occurrence under the terms of the Policy.  Philadelphia Indemnity issued a check to Premier for $25,000 pursuant to its determination.

On January 5, 2017, Premier filed a Second Amended Petition ("SAP") in the State Court Action, asserting claims against Goldesberry-VanMeter and several additional employees that it had identified through its investigation (the "Defendant Employees"), who are all Oklahoma residents; claims of breach of contract and bad faith against Philadelphia Indemnity; and a claim of negligence against Murray Wamble & Associates, Inc. ("Murray Wamble"), an Oklahoma company that

allegedly procured the Policy for Premier. On February 10, 2017, Philadelphia Indemnity removed the State Court Action to this Court.

## II.    Analysis

### A.    Jurisdiction

In its notice of removal (Doc. 2), Philadelphia Indemnity states that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). It is undisputed that the Court lacks diversity jurisdiction over Premier's claims against Murray Wamble and the Defendant Employees. However, Philadelphia Indemnity contends this Court has diversity jurisdiction over the claims asserted against it because (1) Premier's claim against Murray Wamble was fraudulently joined and (2) Premier's claims against the Defendant Employees were fraudulently misjoined. Philadelphia Indemnity asks the Court to sever and remand the claims against the Defendant Employees and Murray Wamble while permitting the claims against Philadelphia Indemnity to proceed in federal court.

Federal courts are courts of limited jurisdiction, and the party seeking to invoke federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper. *Southway v. Cent. Bank of Nigeria*, 328 F.3d 1267, 1274 (10th Cir. 2003). Diversity jurisdiction requires the party to show that there is both complete diversity and a sufficient amount in controversy. 28 U.S.C. § 1332(a); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The amount in controversy must exceed $75,000. *Id.* § 1332(a). Complete diversity exists where the parties are citizens of different states. 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "This rule is inflexible and without exception, requiring a court to deny jurisdiction in all cases where it does not

affirmatively appear in the record." *Geter v. St. Joseph Healthcare Sys., Inc.*, 575 F. Supp. 2d 1244, 1248 (D.N.M. 2008) (internal quotations and citations omitted). The party seeking to invoke the jurisdiction of a federal court bears the burden of establishing jurisdiction, but "since the courts of the United States are courts of limited jurisdiction, there is a presumption against its existence." *Id.* (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

### B. Motion to Remand

In order to proceed in this Court Philadelphia Indemnity must show both that Murray Wamble was fraudulently joined *and* that the Defendant Employees are fraudulently misjoined. *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). For the reasons explained below, Philadelphia Indemnity has failed to meet its burden as to either fraudulent joinder or fraudulent misjoinder. Accordingly, on either ground, the Court lacks subject matter jurisdiction and the case must be remanded.

#### 1. Fraudulent Joinder of Murray Wamble

##### a. Fraudulent Joinder Standard

To successfully assert fraudulent joinder, the removing party bears the "heavy burden" of showing either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher*, 733 F.3d at 988 (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). Philadelphia Indemnity seeks to establish fraudulent joinder by the second method. Under the second method, the removing defendant must demonstrate that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."

*Cuevas*, 648 F.3d at 249 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004));

*Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000)

(unpublished) (noting that to establish fraudulent joinder, a removing party must show that there is

no possibility that the plaintiff would be able to establish a cause of action against the joined party).

In determining whether there is any possibility of recovery, courts may "look beyond the pleadings

to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent

remand." *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) (internal citations

omitted). In determining whether the removing party has met its burden of proving fraudulent

joinder, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d

at 988.

### b. Fraudulent Joinder Analysis

Philadelphia Indemnity argues that Premier has failed to establish a cause of action against

Murray Wamble because the core of Premier's dispute regarding the Policy is how the Policy was

interpreted by Philadelphia Indemnity, "not whether its agent provided the type of coverage it

wanted." (Resp. to Mot. to Remand 2.) Philadelphia Indemnity contends there is no basis in

Oklahoma law to hold an insurance agent liable when the parties to an insurance contract disagree

over how the policy should be interpreted.

Philadelphia Indemnity cites *Cosper v. Farmers Insurance Company* to suggest that an

agent's duty under Oklahoma law does not extend to advising an insured about his insurance needs.

*Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013). However, Philadelphia

Indemnity has not shown that the holding in *Cosper* is inconsistent with Premier's theory of

negligence against Murray Wamble. *See Montano*, 2000 WL 525592, at *4 (reversing district

court's decision not to remand based on fraudulent joinder of negligent procurement claim). Premier concedes that it disputes Philadelphia Indemnity's interpretation of the Policy. However, Premier asserts its claim against Murray Wamble in the alternative: even if Philadelphia Indemnity's interpretation of the Policy is upheld, Murray Wamble may be liable to Premier for negligently procuring the Policy. Premier cites cases in Oklahoma and federal courts setting forth the standard of care insurance agents owe to their clients: "Under Oklahoma law, insurance agents can be held liable for failing to 'act in good faith and use reasonable care, skill and diligence in the procurement of insurance' when 'insurance is not procured as promised and the insured suffers a loss.'" *Holman v. Coventry Health & Life Ins. Co.*, No. 5:16-cv-01078-HE (W.D. Okla. Dec. 16, 2016) (unpublished) (citing *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999)). In *Holman*, the district court rejected defendant's fraudulent joinder argument, finding that although plaintiff's allegations of negligence were not "particularly specific or detailed," they did not "negate the possibility" that the defendant acted negligently. *Id.* Similarly here, Philadelphia Indemnity has not shown that Premier has no possible basis under Oklahoma law to recover on its theory of negligent procurement against Murray Wamble.

Philadelphia Indemnity also argues that Premier's SAP fails to state a claim against Murray Wamble under "federal pleading standards," citing the "plausible grounds" standard set forth in *Bell Atlantic Corp. v. Twombly*, 50 U.S. 544, 556 (2007). (Resp. to Mot. to Remand 5.) Philadelphia Indemnity contends Premier's claim against Murray Wamble fails to allege sufficient facts establishing that Murray Wamble failed to obtain the type of coverage Premier wanted. (*Id.* 4-6.) Further, Philadelphia Indemnity argues that any potential facts Premier might assert to support its negligence claim against Murray Wamble are speculative and therefore are not "plausible" facts

sufficient to support a claim under *Twombly*. However, the burden to establish fraudulent joinder remains on Philadelphia Indemnity. Moreover, the fraudulent joinder inquiry "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action commenced." *Montano*, 2000 WL 525592, at *2.[2] "The doctrine of fraudulent joinder is not a basis to pre-try the merits of a plaintiff's claims against a resident defendant." *Misner v. State Farm Fire & Co.*, 2015 WL 789160, at *2 (W.D. Okla. 2015) (citing *Smoot*, 378 F. 2d at 882 ("This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.")); *see also Dutcher*, 733 F.3d at 989 (noting that defendants' failure to prove that in-state defendants were fraudulently joined "does not mean that the plaintiffs have stated a valid claim against [the in-state defendants]"; rather, "defendants needed to clear a high hurdle to prove something they have yet to prove, i.e., fraudulent joinder").

Philadelphia Indemnity's arguments do not establish that Premier's claim against Murray Wamble is a "sham or fraudulent device" or that Premier has no possibility of recovery against Murray Wamble. Therefore, Philadelphia Indemnity has not overcome the "high hurdle" to show

---

[2] Premier argues that it was unable to plead specific facts regarding its communications with Murray Wamble prior to procurement of the policy because the employee who communicated with Murray Wamble is one of the alleged participants in the embezzlement schemes. Premier asserts that "discovery will likely show that Premier believed it had much more than $25,000 total in coverage for employee theft based on Murray Wamble's representations." (Mot. to Remand 11-12.) In response, Philadelphia Indemnity argues that Premier may not cure a deficiency in its pleading by promising to disclose the basis for its claim during discovery. (Resp. to Mot. to Remand 4-5 (citing *Crisp v. Allied Interstate Collection Agency*, 149 F. Supp. 3d 589, 593 (M.D.N.C. 2016).). However, as explained above, the question before the Court is not whether Premier's pleading is insufficient under the *Twombly* standard; it is whether Premier has met its heavy burden to show fraudulent joinder.

that Murray Wamble was fraudulently joined. *Dutcher*, 733 F.3d at 989; *see also Misner*, 2015 WL 789160, at *2 (noting that claim must be "so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction"). Accordingly, the Court lacks jurisdiction over this proceeding and must remand on that basis alone.

### 2. Fraudulent Misjoinder of Defendant Employees

While Philadelphia Indemnity's failure to establish fraudulent joinder as to Murray Wamble necessitates remand of this case, Philadelphia Indemnity has also failed to show that the Defendant Employees were fraudulently misjoined; therefore, remand is alternatively required on that ground.

### a. Fraudulent Misjoinder Doctrine

"'Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action.'" *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J. L. & Pub. Pol'y 569, 572 (2006)). The doctrine of fraudulent misjoinder has not been explicitly adopted by the Tenth Circuit. *See Lafalier*, 391 F. App'x at 739 (10th Cir. 2010) (citing Eleventh Circuit's discussion of fraudulent misjoinder in *Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353, 1360 (11th Cir. 1996) and finding no need to adopt the doctrine in the case before it); *Halliburton v. Johnson & Johnson*, 983 F. Supp. 2d 1355 (W.D. Okla. 2013) (declining to adopt fraudulent misjoinder doctrine). A misjoinder must be "egregious" to constitute fraudulent misjoinder. *See Tapscott v. MS Dealer Service Corporation*, 77 F.3d 1353, 1360 (11th Cir. 1996) (holding that while "mere misjoinder" may not constitute fraudulent joinder, "Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder," where

8

claims alleged against in-state defendants were "wholly distinct" from the claims against other

defendants); *see also Magnuson v. Jackson*, No. 11-CV-0561-CVE-PJC, 2012 WL 2995669, at *4

(N.D. Okla. July 23, 2012) (declining to apply fraudulent misjoinder due to lack of guidance from

Tenth Circuit and noting that plaintiff's joinder of claims against driver and driver's insurance

company in negligence case was "not so egregious that it would justify application" of the doctrine).

### b.     Fraudulent Misjoinder Analysis

Philadelphia Indemnity suggests that despite the lack of guidance from the Tenth Circuit,

there is "no reason why" the Court should not apply fraudulent misjoinder. (Resp. to Mot. to

Remand 7.) Philadelphia Indemnity cites several district court cases within the Tenth Circuit

examining or applying the doctrine, but only cites a single case in which a district court in this

circuit found claims were fraudulently misjoined. In *Bunnell v. Oklahoma MH Properties, LP*, the

plaintiff sued a diverse insurance company for denying or partly denying their claims for property

damage allegedly caused by a tornado. *Bunnell v. Oklahoma MH Properties, LP*, 2012 WL

12863916 (W.D. Okla. May 11, 2012). The plaintiffs attempted to join claims against non-diverse

defendants for failing to provide storm shelters before the tornado, which allegedly caused plaintiffs

physical injuries and emotional distress. The court found plaintiffs had failed to articulate "a single

*question* of fact or law" common to all defendants in the case. *Id.* at *1 (emphasis in original). The

only commonality of the two sets of claims was that "but for the tornado, neither set of claims would

have arisen." *Id.* Accordingly, the court found the plaintiffs had no reasonable procedural basis to

join the non-diverse defendants. *Id.* While Philadelphia Indemnity argues that Premier makes

"essentially . . . the same argument as the unsuccessful plaintiffs made in *Bunnell*" (Resp. to Mot.

to Remand 12), the Court finds the facts here make a far less compelling case for the application of

fraudulent misjoinder. Premier has established that facts relevant to its claims against the Defendant Employees – namely, "the nature and extent of the alleged embezzlement by the Defendant Employees" – are relevant to Philadelphia Indemnity's determination that the conduct constituted a single occurrence of theft under the Policy, rather than multiple occurrences. Consequently, severing the claims against the Defendant Employees would likely result in a duplication of discovery in separate proceedings and additional expense to Premier.

In other cases invoked by Philadelphia Indemnity, the Northern District of Oklahoma has considered fraudulent misjoinder but declined to apply the doctrine. *See Magnuson*, 2012 WL 2995669, at *4 (declining to apply fraudulent misjoinder and noting that Tenth Circuit has not adopted the doctrine); *Lafalier v. Cinnabar Serv. Co.*, 2010 WL 1486900, at *9 (N.D. Okla. 2010 (*aff'd, Lafalier*, 391 F. App'x 732) (same); *see also Halliburton*, 983 F. Supp. 2d at 1359-60 (declining to adopt procedural misjoinder doctrine and holding that "[f]or this court to rule on joinder issues before determining whether it has subject matter jurisdiction puts the cart before the horse"). In *Jacobs v. Watson Pharmaceuticals*, this Court examined fraudulent misjoinder cases as "instructive" to its analysis of whether two plaintiffs' product liability claims should be joined under Federal Rule of Civil Procedure 20(a)(1). *Jacobs v. Watson Pharm., Inc.*, No. 10-CV-120-TCK-TLW, 2011 WL 2216257, at *3 (N.D. Okla. June 7, 2011). In each of those cases, defendants had failed to show fraudulent misjoinder. *See id.* (discussing cases). The Court noted that in the fraudulent joinder cases it examined, "the ultimate question . . . was the fraudulence and/or egregiousness of the plaintiffs' joinder attempt rather than the actual propriety of joinder." *Id.* The Court permitted joinder of the claims before it because they satisfied the "logical relationship" test applicable to joinder of plaintiffs. *Id.* at *4.

Philadelphia Indemnity suggests that, unlike the claims at issue in *Jacobs*, Premier's claims against the Defendant Employees – for "fraud, defamation, unfair competition, conversion, interference with contractual rights, deceit, gross negligence, and unjust enrichment as a result of embezzling funds from Premier" – are different in nature and involve different time periods than its claims against Philadelphia Indemnity. However, while Premier's claims against Philadelphia Indemnity did not accrue until after Philadelphia Indemnity reviewed and issued its decision on Premier's claim, the relevant facts and evidence – and the relevant time periods at issue – are likely to overlap. As noted above, the Defendant Employees' conduct at issue is relevant to Premier's claims against Philadelphia Indemnity, since Premier challenges Philadelphia Indemnity's decision that the covered events constituted a single covered occurrence under the Policy. Even if the Court were persuaded to apply the fraudulent misjoinder doctrine here, there is little to suggest that joinder of the Defendant Employees was improper, much less "egregious." *See Tapscott*, 77 F.3d at 1360.

Philadelphia Indemnity has failed to meet its heavy burden to show that the doctrine of fraudulent misjoinder governs, or that if applied, it dictates severance of the claims against the Defendant Employees. Accordingly, the Court lacks subject matter jurisdiction and must remand this case.

## III.    Attorney Fees and Costs

In its motion to remand, Premier seeks an award of attorney fees and costs associated with Philadelphia Indemnity's removal of the State Court Action. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." While the decision to award attorney fees and costs in this context is within the court's discretion, *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1146-47

(10th Cir. 2004), the relevant question is whether the defendant had "objectively reasonable" grounds for removing the case at the time of removal. *Id.* (citing *Daleske v. Fairfield Cmtys, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994)).

Premier failed in its motion to articulate the applicable standard in the Tenth Circuit for such an award or to explain why the Court should find the removal of this action was not objectively reasonable. While Premier attempts to remedy this failure in its reply brief, the Court generally excludes arguments first made in a reply brief to which the opposing party has had no opportunity to respond. *See United States v. Herget*, 585 F. App'x 948, 951 (10th Cir. 2014) (argument raised for first time in reply brief in district court considered waived on appeal). Accordingly, the Court does not find that removal was objectively unreasonable, and Premier's request for attorney fees and costs is denied.

## IV. Conclusion

Premier's Motion to Remand (Doc. 19) is GRANTED. The case is REMANDED to the District Court for Tulsa County, Oklahoma. Premier's request for attorney fees and costs incurred as a result of the removal of this case is DENIED.

**SO ORDERED this 25th day of May, 2017.**

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**